## PHELPS v. THEIME et al.

No. 13997-–Opinion Filed July 24, 1923.

**Judgment—Equitable Relief—Judgment Involving Real Estate — Real Owner Not Party.**

Where a party brings a suit which involves real estate and makes the tenant of the real owner defendant, but does not make the real owner defendant, and he has no notice of said suit until after judgment and execution, a court of equity will enjoin the enforcement of said judgment on application of the real owner of the property. In this case record examined, and held, that plaintiff, the real owner of the property, is entitled to an injunction enjoining the enforcement of the judgment sought to be enjoined.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Chas. H. Phelps against J. R. Theime and Ben B. Dancy, sheriff, to enjoin the enforcement of a judgment. Judgment for defendants, and plaintiff brings error. Reversed.

This is an appeal from the district court of Oklahoma county, wherein the plaintiff, Charles H. Phelps, sought to obtain a permanent injunction against a judgment obtained by J. R. Theime against the Choate Oil Corporation, which was running a filling station at the junction of Classen Boulevard, 24th street and Military avenue in Oklahoma City, Oklahoma.

The case-made is not indexed, as required by rule 20 of this court, but we have gone through the record, and while it has been difficult to get the matter contained in the record in consecutive order, we have winnowed through it and find that several years ago where these streets came together was a hole or low place, and that the way the streets ran there was what is called a dead end to Military avenue. It appears that in surveying these streets they were narrowed down until they were quite narrow at the junction, and that on account of this low place and the narrowness of the street there were a number of accidents occurred at that point, and the city set about to devise some means of widening the street and making a fill so that the street could be paved and sidewalks built and thus prevent so many accidents. In accomplishing this purpose, negotiations were begun between the city authorities and Charles H. Phelps, who was the owner of the lots abutting on this particular part of the street, and Phelps was desirous of erecting a filling station on this dead end of Military avenue. He finally obtained a lease from the city authorities and erected a filling station on the dead end of Military avenue. A year or two afterwards, the city authorities opened up negotiations with Mr. Phelps and made a proposition to him that if he would deed the city a strip of land off of his lots so as to enable the city to widen the streets, the city would in turn execute to him a deed to the dead end of Military avenue. Mr. Phelps was also to fill this low place in the street and to pave it. The deal was finally consummated and Phelps deeded to the city a strip of land some 60 feet long by 12 or 15 feet wide, and also filled up the hole or low place and paved the street at his own expense. The legal department of the city advised that the city could not deed this dead end of Military avenue to Phelps, but could lease it to him. The city then, through its mayor, executed a lease to Mr. Phelps to this triangular piece of land or dead end of Military avenue lying between lot eleven (11), block two (2) of Young's addition and Classen boulevard, granting him the right to erect a filling station thereon, for a term of 25 years from September 2, 1920. Phelps erected a filling station on this triangular piece of land and operated it himself for a while and then subleased it to the Choate Oil Corporation, which continued to operate same up to the present time. Sometime in the early part of the year 1922, one J. R. Theime, who owned some vacant lots in that neighborhood, commenced proceedings in the district court in Oklahoma county, asking to have this filling station declared a nuisance. He did not make the city or Phelps a party defendant, but proceeded solely against the Choate Oil Corporation, which was operating the filling station as a tenant of Phelps. Judgment was obtained, declaring the filling station a nuisance and ordering it removed; and sometime thereafter an order was issued to the sheriff of Oklahoma county directing him to remove said filling station from said piece of land, and he was about to execute said order when this suit was instituted. Upon filing the petition, the court granted a temporary restraining order, restraining the sheriff and Theime from executing said order. The matter was continued from time to time, but the restraining order kept in force until the parties finally had a hearing on the application of the plaintiff to have the restraining order

made permanent. It appears, from an examination of the record, that Phelps had no notice of the judgment obtained by Theime until about the time the order was issued and placed in the hands of the sheriff to execute. Phelps in his testimony detailed the negotiations between himself and the city which culminated in Phelps deeding the city a strip of land to enable it to widen the street, and the city in turn executing a lease to Phelps granting him the right to run a filling station.

The sole contention of Theime to obtain the order to remove the filling station is that it interferes with his property and he is not able to sell lots.

It appears that both the city and Phelps acted in good faith in their dealings and that what they did redounded to the city's benefit. And it appears that no one has ever complained except Theime, who thinks it interferes with his selling some vacant lots he has in that neighborhood.

Warren K. Snyder. for plaintiff in error.

Shirk, Danner & Fowler, for defendants in error.

Opinion by MAXEY, C. This case has given us much concern, as to just what disposition should be made of it. The city was in a position where it was necessarily compelled to widen the street and make a fill in the low place and pave it to prevent accidents which were quite common at that place on account of the narrowness of the street at this low place; and there is no question but that the city has been greatly benefited by Phelps deeding to it the strip of land, above mentioned, and making the fill and doing the necessary paving. Phelps testified that it cost him between $2,500 and $3,000 to make the necessary fill and pave that part of the street. This also was done at his expense and as a part of the consideration for the place to erect a filling station on the dead end of Military avenue. His right to erect this filling station and operate it is all the consideration that he received from the land he conveyed to the city and the work he did in filling the street and paving it; and if he is compelled to remove his filling station, the city may be liable to him for the value of the strip of land conveyed and the cost of making the fill and paving the street, which question we do not decide at this time, so it may be seen that this lawsuit might, in all probability, be followed by one of Phelps against the city. The Choate Oil Corporation, which is operating the filling station,

may have rights in the premises which will have to be adjusted.

The whole trouble comes from Theime not making Phelps and the city parties defendant in the first suit. He knew of the arrangements between Phelps and the city, because it is a matter of record and he should have proceeded against the Choate Oil Corporation, Phelps, and the city, instead of proceeding against the tenant of Phelps alone. In this way, the whole matter could have been settled in that suit. It appears from the testimony that Theime requested the city to bring the original action, but the city declined to do it.

This is an equitable action and the court has ample power to bring in all necessary parties and settle the whole controversy in this suit. St. Germain defines "Equity" as follows: "Equity is a right wiseneth that considereth all of the particular circumstances of the case and is also tempered with the sweetness of mercy." We think this is a proper place to apply those equitable principles; and entertaining these views, the judgment of the court denying the injunction in this case should be reversed, and set aside. and enforcement of the judgment obtained by Theime against the Choate Oil Corporation, in so far as it affects this property, should be enjoined, and it was error for the trial court to refuse to grant the injunction.

The case is, therefore, reversed and remanded to the trial court, with directions to grant the injunction against the enforcement of the judgment recovered by Theime against the Choate Oil Corporation.

By the Court: It is so ordered.